IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

LISA E. WESTFALL,

    Plaintiff,

vs.                                    CASE NO.:

USAA CASUALTY                DIVISION:
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, LISA A. WESTFALL ("WESTFALL"), by and through her undersigned counsel, hereby sues the Defendant, USAA CASUALTY INSURANCE COMPANY (herein after referred to as "USAA"), and as grounds therefore states as follows:

### COUNT I

1.

This is an action for damages in excess of fifteen thousand ($15,000.00) dollars exclusive of interest and costs.

2.

At all times material hereto Plaintiff was and is the owner of the following real property known as 5746 6th Street South, St. Petersburg, in Pinellas County, Florida.

3.

Plaintiff purchased a homeowners insurance policy, from USAA for the aforementioned property. Please see Exhibit A.

4.

Plaintiff has paid all premiums on said policy, and the policy was in full force and effect at all relevant times herein.

5.

In approximately the winter of 2004, Plaintiff discovered damage to the aforementioned property, including progressive physical damage to the interior walls and exterior floors of the residence.

6.

The damages to Plaintiffs' aforementioned property were due to a sinkhole activity, a covered peril under the policy. Defendant, USAA, denied the claim based upon the recommendations of its outcome oriented expert.

7.

As a general business and patter, Defendant, USAA, prefers to use the same experts so that it can obtain outcome oriented reports. In WESTFALL'S claim, Defendant, USAA, chose to use Mortensen Engineering. Defendant, USAA, was more than 75% of this particular's expert's income.

8.

Mortensen Engineering's opinions were based upon soil samples taken at WESTFALL'S property. Even when Defendant, USAA, learned that Mortensen Engineering's field log notes did not match the descriptions in Mortensen Engineering's report describing the soil samples, Defendant, USAA, refused to withdraw its denial of the loss or change experts.

9.

Defendant, USAA, attempted to bolster Mortensen Engineering's denial of the claim by bringing in another expert, Matthew Cain. Defendant, USAA, refused to give Matthew Cain all of the necessary information. Defendant, USAA, refused to provide Mr. Cain with Mortensen

0901119c862a4f2b   USAA Confidential

Engineering's field log notes that did not match the descriptions in Mortensen Engineering's report describing the soil samples.

10.

Not only did Defendant, USAA, attempt to affect the results in this matter by refusing to obtain a neutral expert, it is now in the general business practice of refusing to pay its own geotechnical experts recommendations to do subsurface repairs even in confirmed sinkhole cases and just paying the cosmetic repairs unless a judgment is obtained by the insured.

11.

Indeed, even Defendant, USAA's, fee expert testified that the WESTFALL matter was an easy win for WESTFALL. If that is the case, then it was inappropriate and malicious that Defendant, USAA, refused to admit coverage in this matter. Defendant, USAA's, fee expert, David Salmon, Esq. even testified that the WESTFALL home was located in an area known for sinkhole activity.

12.

On or about March 19, 2008, as a condition precedent to bringing this action, the Plaintiff filed a Notice of Insurer Violation with the Department of Insurance and USAA pursuant to Florida Statute. Please see "Exhibit B". The Civil Remedy Notice was filed several years after the matter was in litigation. Defendant, USAA, had adequate time to review the coverage matter and resolve the claim. Instead Defendant, USAA, chose not to do so even after it knew its outcome oriented expert disposed of the soil samples.

13.

Defendant, USAA, responded to the Civil Remedy Notice, but failed to cure violations within the 60 days allowed. Defendant, USAA, used the same law firm that was retained to respond to the Civil Remedy Notice to represent it during the underlying claim. Defendant, USAA, did not act in good faith and did not pay any amount for the loss during the sixty day

0901119c862a4f2b

USAA Confidential

window. Defendant, USAA, did not even attempt to negotiate the loss during the sixty day window. Because the same law firm that responded to the civil remedy notice represented Defendant, USAA, during the litigation, there was a conflict of interest as to whether or not the claim could be negotiated in good faith.

14.

As a condition of recovery to this action, all underlying contractual issues in the above-noted case were resolved favorably to the Plaintiff. Plaintiff received a verdict more than several times the limits of her policy.

15.

The Florida Department of Insurance accepted the aforementioned Notice of Insurer Violation.

16.

USAA did not pay damages or correct the circumstances within sixty (60) days of the Notice of Acceptance by the Department of Insurance.

17.

USAA engaged in the business of insurance and is subject to Florida statutes, Florida regulations and Florida law while involved and engaged in the business of insurance.

18.

That rather than carrying out its contractual, statutory, regulatory and ethical duties, Defendant committed acts during the adjustment of the claim and the underlying appraisal which were not in "good faith" and were in violation of Florida Statute §624.155(1)(b)(1) and Florida Statute §626.9541(1)(i) et. seq. These acts include, but are not limited to, the following:

    a) Delaying to adjust WESTFALL'S subject claim.

    b) Denying WESTFALL'S claim.

    c) USAA'S failure to properly train, supervise or otherwise manage adjusters,

0901119c862a4f2b    USAA Confidential

representatives, and investigators of USAA to properly, and in good faith, investigate and adjust claims so that a prompt and fair evaluation of the claim can be made and proper indemnity paid, resulting in the failure to timely pay a covered claim.

d) Failing to implement any standards to its experts regarding sinkhole investigations and the preservation of evidence.

e) USAA'S failure to adopt and implement standards for the proper investigation of WESTFALL'S claim, resulting in the aforementioned conduct.

f) USAA'S misrepresentation and/or omission of pertinent facts relating to the coverages and/or facts of the loss at issue, so as to provide an illegitimate basis for denial/delay of the claim, including the obligations of both the insured and the insurer during the adjustment of this claim.

g) USAA'S failure to acknowledge and act promptly upon written and oral communications with respect to the claim, such that USAA itself caused the delays in the adjustment of the claim.

h) USAA'S delay of WESTFALL'S claim without conducting a reasonable investigation based upon available information.

i) Failing to timely pay the claim.

j) Failing to respond promptly to WESTFALL and/or their representatives.

The above conduct demonstrates a failure to comply in good faith with the terms and conditions of the insurance policy.

19.

That the aforementioned actions complained of in paragraphs six through thirteen and eighteen damaged WESTFALL herein and such damages include, but are not limited to:

a) Public adjuster fees

5

b) Costs associated with the professional help and assistance to maintaining and submitting the claim, as well as to litigate the underlying litigation and subject litigation against USAA.

c) Interest and pre-judgment interest.

d) Loss of use of her home.

e) Attorney fees.

f) other damages according to proof.

20.

That WESTFALL have retained the undersigned attorneys and have agreed to pay them a reasonable fee and costs which are compensable pursuant to Florida Statute §624.155, et seq.

**WHEREFORE,** the Plaintiffs, WESTFALL, prays for judgment against the Defendant, USAA general and special damages, reasonable fees and costs, costs of this suit, interest and pre-judgment interest, a trial by jury on all issues so triable and such other relief as the Plaintiffs may be justly entitled.

DATED this _____ day of April, 2010.

Respectfully submitted,

_____
Kelly L. Kubiak, Esq.
Florida Bar #108952
Merlin Law Group, P.A.
777 S. Harbour Island Boulevard, #950
Tampa, FL 33602
TEL: (813) 229-1000
FAX: (813) 229-3692
Attorney for Plaintiffs

0901119c862a4f2b    USAA Confidential